**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

---

**In re:**

**LINDA S. COUGHLIN AND**
**DANIEL F. COUGHLIN,**

      **Debtors.**

**Chapter 7**

**Case No. 13-22278 (ASD)**

---

**UNITED STATES TRUSTEE'S LIMITED**
**OBJECTION TO THE MOTION TO DISMISS**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), through counsel, submits this limited objection to the motion to dismiss the chapter 7 case of Linda S. Coughlin and Daniel F. Coughlin (the "Debtors") insofar as dismissal is not with prejudice and accompanied by a bar on the re-filing of another bankruptcy case under Title 11 of the United States Code. In support of this limited objection, the United States Trustee states the following:

### I.   FACTS

A.   <u>Current Bankruptcy Case</u>

1.   On November 5, 2013, the Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. ECF No. 1.

2.   Peter L. Ressler signed the petition as attorney for the Debtors. *Id.* at Petition.

3.   On November 5, 2013, the Court entered a Deficiency Notice after the Debtors failed to file all the required bankruptcy documents. ECF No. 5.

4.   On November 20, 2013, the Debtors filed motion to extend the deadline to file all the required bankruptcy documents. ECF No. 13.

1

5. On November 21, 2013, the Court entered an order extending the deadline to file all the required bankruptcy documents to December 2, 2013. ECF No. 14.

6. On December 4, 2013, the chapter 7 trustee, Thomas C. Boscarino filed a motion to dismiss the case for failure to produce documents and failure to attend the meeting of creditors held pursuant to 11 U.S.C. § 341(a) (the "Motion to Dismiss"). ECF No. 19.

7. On January 2, 2014, the Debtors filed the Summary of Schedules, the Statistical Summary of Certain Liabilities and Related Data, Schedules A through J, the Declaration Concerning Debtor's Schedules, the Statement of Financial Affairs, the Chapter 7 Individual Debtor's Statement of Intention, the Disclosure of Compensation of Attorney for Debtor(s), and the Notice to Consumer Debtor(s). ECF No. 22.

8. The Debtors have not filed the Statement of Current Monthly Income and Means Test Calculation.

9. In addition, it does not appear that the Debtors have completed the schedules candidly and correctly. For instance, on Schedule I—Current Income of Individual Debtor(s), the Debtors list their occupations as Consultant (Ms. Coughlin) and Attorney and Patent Examiner (Mr. Coughlin), but list their income as $0.00. ECF No. 22 at Schedule I. On Question 1 of the Statement of Financial Affairs, however, the Debtors list year to date income of $85,865.67. *Id.* at Statement of Financial Affairs.

B.     Previous Bankruptcy Cases

10. On July 22, 2011, Linda Coughlin filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. *See* Case No. 11-22176 (ASD).

11. On October 14, 2011, the Court entered an order dismissing the case for failure to file all the required documents. *See id.* at ECF No. 26.

12. On October 19, 2011, the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. *See* Case No. 11-23168 (ASD).

13. On March 28, 2013, the Court entered an order converting the case to one under chapter 7 of the Bankruptcy Code after the Debtors failed to meet their obligations under chapter 11 of the Bankruptcy Code, including filing monthly operating reports, paying statutory fees, and obtaining confirmation of a chapter 11 plan. *See id.* at ECF No. 115.

14. On June 26, 2013, the chapter 7 trustee, John O'Neil, moved to dismiss the case for failure to provide documents. *See id.* at ECF No. 128.

15. On August 30, 2013, the Court entered an order dismissing the case. *See id.* at ECF No. 145.

## II.    ARGUMENT

The United States Trustee objects to dismissal of the Debtors' case without prejudice and without a bar imposed on the re-filing of another bankruptcy case under Title 11 of the United States Code for a period of one year.

Section 349(a) of the Bankruptcy Code provides that, "[u]nless the court, for cause, orders otherwise, . . ." the dismissal of a case does not prejudice a debtor in the filing of a subsequent petition, except as provided in Section 109(g). 11 U.S.C. § 349(a). Section 109(g) of the Bankruptcy Code imposes a 180 day bar on the re-filing of a bankruptcy case, if, among other things, a debtor's case is dismissed for failure to abide by orders of the Court or failure to prosecute the case properly. 11 U.S.C. § 109(g). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order. . . to prevent an abuse of process." 11 U.S.C. § 105(a).

The United States Court of Appeals for the Second Circuit has held that Sections 105(a) and 349(a) of the Bankruptcy Code give the Court power to prohibit a repeat bankruptcy filer

from filing a subsequent petition for a period of time longer than 180 days. *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 338-341 (2d Cir. 1999). The Court noted that Section 109(g) of the Bankruptcy Code "does not impose a temporal limitation" on Sections 105(a) and 349(a). *Id.*at 339.

Here, the Debtors have demonstrated, through their successive bankruptcy filings, an abuse of the bankruptcy process. The Debtors' previous cases were each dismissed for the Debtors' failure to satisfy the statutory requirements. In this case, the Debtors have again failed to satisfy the statutory requirements of filing bankruptcy documents and attending the meeting of creditors. This abuse merits a dismissal with prejudice and a bar to re-filing another petition under Title 11 for a period of one year. *See In re Jones*, 289 B.R. 436, 441 (Bankr. M.D. Ala. 2003) (citing instances of abuse meriting imposition of bar against re-filing).

### III. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order (i) sustaining this objection, (ii) dismissing the case with prejudice and with a prohibition on re-filing another petition under Title 11 of the United States Code for a period of one year, and (iii) granting such other relief as is just.

Dated: January 8, 2014                    Respectfully submitted,
      New Haven, Connecticut
                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE FOR REGION 2

                            By:     /s/ Abigail Hausberg
                                  Abigail Hausberg/phv05084
                                  Trial Attorney
                                  Office of the United States Trustee
                                  Giaimo Federal Building, Room 302
                                  150 Court Street
                                  New Haven, CT 06510
                                  (203) 773-2210

## CERTIFICATE OF SERVICE

       This certifies that a copy of the United States Trustee's Limited Objection to the Motion to Dismiss was served on all parties listed below via the Electronic Case Filing System maintained by this Court, or through such other means of service as noted below.

On January 8, 2014, Via ECF :

- Thomas C. Boscarino    tboscarino@bgtlaw.com, CT20@ecfcbis.com
- Mitchell J. Levine    MLevine@nairlevin.com
- Peter L. Ressler    ressmul@yahoo.com
- Craig S. Taschner    ctaschner@aol.com

On January 8, 2014, First Class Mail, Postage Prepaid:

Linda S. Coughlin
Daniel F. Coughlin
850 Noank Road
Mystic, CT 06355

                                  By:    /s/ Abigail Hausberg
                                              Abigail Hausberg/phv05084
                                              Trial Attorney
                                              Office of the United States Trustee
                                              Giaimo Federal Building, Room 302
                                              150 Court Street
                                              New Haven, CT 06510
                                              (203) 773-2210